UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22360-CIV-WILLIAMS/MCALILEY

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Plaintiff,

vs.

CPI TRUCKING & LOGISTICS, LLC,
ROENIS GONZALEZ MORA, and
MARK THIBAULT

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, Progressive Express Insurance Company, filed a Motion for Final Default Judgment (ECF No. 16) against Defendant Roenis Gonzalez Mora ("Mora"), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF No. 17). Mora has not filed a response and the deadline to do so has passed. Defendants CPI Trucking & Logistics, LLC ("CPI") and Mark Thibault ("Thibault") did file responses. (ECF Nos. 19, 26). For the reasons that follow, I recommend that the Court deny the Motion without prejudice.

Plaintiff, an insurance company, filed this declaratory judgment action in July 2022. The Complaint asks the Court to declare that Plaintiff has no duty to defend or indemnify Defendants Mora and CPI in a state lawsuit that Defendant Thibault filed against them in

1

the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.[1] (ECF No. 1). Plaintiff is not a party in that suit. It has, however, been funding the defense of Mora and CPI under a reservation of rights. (*Id.* at 6 ¶ 14).

The state court complaint alleges that CPI operates a trucking business that hauls cargo, and that Mora is an agent or employee of CPI. (ECF No. 1-2 at 2 ¶ 8, 3 ¶ 14). On March 9, 2021, Mora was driving a tractor trailer that collided with Thibault's vehicle, causing permanent injuries to Thibault. (*Id.* at 3 ¶ 16). Thibault's lawsuit seeks damages against CPI and Mora for his injuries.[2]

At the time of the accident, Plaintiff insured CPI under a Commercial Auto Policy. *See* (Policy, ECF No. 1-1). The Policy provides that Plaintiff will pay all sums within the policy's liability limit that CPI must pay as damages because of bodily injury caused by an accident arising out of the use of an "insured auto". (*Id.* at 16).[3] It also provides that Plaintiff must defend CPI against a lawsuit seeking damages for such bodily injury. (*Id.*). The Policy includes a Form MCS-90 Endorsement, which provides that Plaintiff "agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles ... regardless of whether or not each motor vehicle is specifically described in the policy ...." (*Id.* at 7).

---

[1] *Mark Thibault v. Roenis Gonzalez Mora, et. al.*, Case No. 50-2021-CA-003854-XXXX-MB.

[2] Thibault also sues CPI's parent corporation, GSV Logistics, LLC. That party is not relevant here.

[3] I cite here to the CM/ECF-assigned page number, not to the original page number of the Policy.

Plaintiff contends that the Policy provides no coverage for the accident because Mora was not driving an "insured auto", (ECF No. 1 at 6 ¶ 15), and that the MCS-90 Endorsement is inapplicable. (*Id.* at 7 ¶ 19). The Complaint asks the Court to determine Plaintiff's rights and obligations under the Policy. (*Id.* at 7-8 ¶ 25). Specifically, Plaintiff asks for a judgment that declares: (1) the Commercial Auto Policy provides no bodily injury coverage for Mora or CPI for damages that Thibault seeks in the state court action; (2) Plaintiff has no duty to defend or indemnify Mora or CPI; and (3) the MCS-90 Endorsement is inapplicable. (*Id.* at 8).

CPI and Thibault each filed responses to the Complaint, that contest its allegations. (ECF Nos. 11, 23). Mora did not respond to the Complaint, despite being properly served with it on August 3, 2022. (ECF No. 7). On August 30th, Plaintiff asked the Clerk of the Court to enter default against Mora for failure to plead or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 13). The Clerk entered the default that same day. (ECF No. 14). Consistent with Judge Williams' Order (ECF No. 15), Plaintiff filed a Motion for Final Default Judgment. (ECF No. 16). The Motion asks the Court to enter a final judgment in its favor and against Mora. (*Id.* at 4).

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. Fed. R. Civ. P. 55(b)(2). However, when there are several defendants and at least one has responded to the complaint, as here, "the standard practice is to withhold granting a default judgment until after the case has been resolved on the merits." *Geico Gen. Ins. Co. v. Gonzalez*, No. 20-21549-Civ, 2020 WL 5217184, at *2 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted*, 2020 WL 5216770 (S.D.

Fla. Sept. 1, 2020) (citing *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, No. 12-cv-476, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012) ("[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants."). This principle applies "where a plaintiff insurer is seeking declaratory relief to determine its rights under an insurance policy." *Geico Gen. Ins. Co.*, 2020 WL 5217184, at *2 (citations omitted). The purpose of this principle is to prevent "the possibility of inconsistent judgments against two similarly situated parties." *Id.* (citations omitted).

Here, if this Court enters a judgment against Mora that declares Plaintiff's rights and obligations under the Policy – that is, that the Policy is inapplicable and therefore Plaintiff has no duty to defend or indemnify Mora in the state court action – it could produce an inconsistent judgment should CPI and Thibault prevail in this action on the merits. Importantly, Plaintiff "has no objection to deferring this court's ruling on the Motion for Final Default Judgment until after the coverage issues are determined as to Thibault and CPI." (ECF No. 28 at 3 ¶ 12).

For these reasons, I respectfully recommend that the Court deny Plaintiff's Motion for Final Default Judgment (ECF No. 16) without prejudice pending final disposition of Plaintiff's claims against CPI and Thibault.[4]

---

[4] CPI and Thibault argue that Mora's bankruptcy petition stays this action as to Mora and thus precludes entry of a final default judgment against him. That argument is now moot, as the United States Bankruptcy Court for the Southern District of Florida lifted the stay to allow the parties to litigate this action. *See* (Order Granting Progressive Express Insurance Company's Motion for Relief from the Automatic Stay, ECF No. 29 at 4-5).

## OBJECTIONS

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a de novo review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. See *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 3rd day of January 2023.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of record