**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-22360-CV-WILLIAMS**

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Plaintiff,

v.

CPI TRUCKING & LOGISTICS,
LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Eduardo Sanchez's Report and Recommendation (DE 104) ("***Report***") on Cross Motions for Summary Judgment. The Report addresses Defendant Mark Thibault's ("***Defendant***" or "***Thibault***") Rule 56 Motion for Summary Declaratory Judgment (DE 39) ("***Defendant's Motion***") and Plaintiff Progressive Express Insurance Company's ("***Plaintiff***" or "***Progressive***") Motion for Final Summary Judgment/Motion for Final Default Judgment (DE 61) ("***Plaintiff's Motion***").

Judge Sanchez begins the Report by noting that the Parties "agree that the truck being driven by [Defendant Roenis Gonzalez Mora ("***Mora***")] was not an insured auto under Progressive's Policy . . . was not insured under any insurance policy at the time of the accident . . . [and] that Progressive has no duty to defend [CPI Trucking & Logistics LLC ("***CPI***")] in the underlying state-court tort litigation [("***Underlying Litigation***")]." (DE 104 at 2 n.3 (citing DE 96 ¶¶ 5, 7 ("Joint Pretrial Stipulation"))). As the Report continues,

"the only issue that remains is whether the MCS-90 endorsement obligates Progressive to indemnify CPI for a judgment obtained by Thibault in the" Underlying Litigation. (*Id.*).

The Report goes on to recommend that the cross motions be stayed pending the outcome of the Underlying Litigation, or alternatively denied, because the issue of Progressive's duty to indemnify cannot be adjudicated until its "insured is in fact held liable in the underlying suit" and because there is a genuine dispute of fact concerning whether the truck being driven by Mora was transporting goods in interstate commerce at the time of the accident such that the MCS-90 endorsement is applicable. (DE 104 at 8–14). Specifically, the Report finds there is a genuine dispute of facts concerning whether the intrastate trip between Fort Lauderdale, Florida and Orlando, Florida, when the accident occurred, was part of a "'continuous stream of interstate travel' with a 'practical continuity of movement' between the intrastate travel and the overall interstate journey." (*Id.* at 11 (quoting *Walters v. Am. Coach Lines of Mia., Inc.*, 575 F.3d 1221, 1229 (11th Cir. 2009))). The Report concludes that the record lacks evidence regarding whether the "out-of-state products were substantially changed, altered, or integrated with other products" after arriving in Florida; "how long (or how short)" those products sat in a warehouse in Fort Lauderdale before continuing their journey to Orlando; or "what level of coordination existed between the transportation into Florida and the subsequent transportation from Fort Lauderdale to Orlando." (*Id.* at 12–13). Absent evidence of this nature, the undisputed evidence permits reasonable inferences supporting either conclusion—that the goods were traveling in interstate commerce—so the MCS-90 endorsement is applicable—or that the goods were not travelling in interstate commerce—so the MCS-90 is not applicable. (*Id.* at 13–14).

Finally, the Report recommends that Plaintiff's re-asserted Motion for Final Default Judgment as to Mora be denied, as it was once before, pending the final disposition of Plaintiff's claims against the other Defendants in this case. (*Id.* at 15). The Report points to the Court's May 9, 2023 Order (DE 35) adopting Magistrate Judge McAliley's recommendation, which concluded that "if th[e] Court enters a judgment against Mora that declares Plaintiff's rights and obligations under the Policy—that is, that the Policy is inapplicable and therefore Plaintiff has no duty to defend or indemnify Mora in the state court action—it could produce an inconsistent judgment should CPI and Thibault prevail in this action on the merits." (DE 30 at 4). In fact, at that time, Plaintiff "ha[d] no objection to deferring this court's ruling on the Motion for Final Default Judgment until after the [insurance] coverage issues are determined as to Thibault and CPI." (DE 28 at 3 ¶ 12.)

Plaintiff filed Objections to the Report. (DE 105).[1] First, Plaintiff argues the Report should have, at a minimum, recommended that the Court grant summary judgment as to Progressive's claims that it has no "duty to defend or indemnify CPI or Mora pursuant to the terms and conditions of the policy of insurance issued by Progressive only, not including the potential triggering of obligations . . . under the MCS-90 Endorsement." (DE 105 at 3–4). In its Response, Thibault seems to agree with this position, confirming "there is no controversy between the parties as to . . . whether Progressive had a 'duty to defend' its insured CPI against the underlying tort lawsuit . . . . [and] the sole issue in this matter . . . is whether the Plaintiff insurer is required to indemnify its insured against the injury claims of Thibault under the insurance policy's MCS-90 endorsement." (DE

---

[1] Thibault did not object to any of the Report's conclusions but filed a Response to Plaintiff's Objections ("**Response**"), (DE 109), to which Plaintiff replied. (DE 110).

109 at 3); *see also* (DE 96 ¶ 7 ("The Parties agree that there is no duty for Progressive to Defend CPI or Mora in the underlying litigation" and that "the only question that remains is whether or not there is a duty for Progressive to Indemnify CPI for a judgment entered against it by Thibault in the underlying litigation pursuant to the MCS-90.")). Indeed, the Report drew these same conclusions, though it did not incorporate them into its formal recommendations. (DE 104 at 2 n.3).

The Court agrees that Progressive's Motion for Summary Judgment should be granted with respect to its claim that "Progressive has no duty to defend CPI or any other defendant for the" Underlying Litigation, and, as such, has no duty to indemnify CPI or Mora under the insurance policy. (DE 61 at 12); *see also* (DE 1 ¶¶ 17–18 (Plaintiff alleging it "has no duty to defend CPI or Mora in the Underlying Litigation" nor a "duty to indemnify CPI or Mora for any damages to Thibault in the Underlying Litigation" under the insurance policy (separate from any obligations under the MCS-90 endorsement)); *Bulle v. Nat'l Fire and Mar. Ins. Co.*, 653 F. Supp. 3d 1159, 1166 (M.D. Fla. 2023) ("The duty to defend an insured is broader than the duty to indemnify an insured. If there is no duty to defend, there is no duty to indemnify.") (citations omitted); *Prime Prop. and Cas. Ins. Co. v. Kepali Grp., Inc.*, No. 21-cv-81787, 2023 WL 4996936 (S.D. Fla. July 5, 2023) ("Where there is no duty to defend, there is no duty to indemnify." (citing *Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is not duty to indemnify.")). But again, this does not resolve whether the MCS-90 endorsement is applicable to the Underlying Litigation, potentially requiring Plaintiff "to pay any final

judgment entered against CPI in the Underlying Litigation." (DE 1 ¶¶ 19–20).[2]

Second, Plaintiffs Object to the Report's conclusion that issues of material fact exist with the regard to the applicability of the MCS-90 endorsement, claiming Judge Sanchez did not "identify[] or discuss[]" the case law Progressive filed in its Notice of Other Cases (DE 102), and taking issue with Judge Sanchez's application of the "trip-specific" approach to distinguishing trips taken in interstate versus purely intrastate commerce. (DE 105 at 5–8). The Court rejects both of these objections. The Report identified and analyzed at length the *Granada Ins. Co. v. Logistics LLC* case provided by Plaintiff, finding its dicta on the interstate commerce issue was unpersuasive. (DE 104 at 13 n.6). Plaintiff's objection to the Report's application of the trip-specific test amounts to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Marlite, Inc. v. Eckenrod*, No.

---

[2] As noted, the Report mentions that the issue of Plaintiffs' duty to indemnify under the MCS-90 endorsement may not be ripe until the Underlying Litigation is concluded. (DE 104 at 8). This ripeness issue does not apply to Progressive's duties under the insurance policy, where, because there is no question that there is no duty to defend, "the [C]ourt can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify. In such a situation, the [C]ourt c[an] adequately assess the duty to indemnify prior to a conclusion on the merits of the underlying litigation." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001); *see also Mt. Hawley Ins. Co. v. Mia. River Port Terminal,* LLC, 228 F. Supp. 3d 1313, 1325–26 (S.D. Fla. 2017) (applying the *Northland* exception where court was able to determine there was no duty to defend); *Evanston Ins. Co. v. Europa Bldg. Assocs.*, No. 18-cv-80174, 2019 WL 656216, at *4 (S.D. Fla. Jan 15, 2019) (same); *David R. Farbstein, P.A. v. Wesport Ins. Co.*, No. 16-cv-62361, 2017 WL 3425327, at *9 (S.D. Fla. Aug. 9, 2017) (same).

In contrast, as the Court explains *infra*, the Court cannot determine on this record that no duty to indemnify under the MCS-90 endorsement could possibly be triggered, so the issue "is not ripe for adjudication until the underlying lawsuit is resolved. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.* 766 F. App'x 768, 770–71 (11th Cir. 2019) (affirming trial court's conclusion that duty to indemnify was unripe while the underlying litigation was pending and distinguishing the case from those "where the courts have applied [the *Northland*] exception").

10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) But "[c]learly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Id.* (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Third, Plaintiff objects to the Report's recommendation that the Court stay, rather than dismiss the action pending resolution of the Underlying Litigation. (DE 105 at 11). But Plaintiff provides no rationale for this position. Therefore, at this late stage in the litigation, the Court declines to dismiss Plaintiff's sole remaining claim in favor of sending the Parties back to the starting line after the Underlying Litigation resolves. *See* (DE 104 at 8 (citing *Trisura Specialty Ins. Co v. Blue Horse Trucking Corp.* No. 20-cv-24134, 2021 WL 4334764, at *1 (S.D. Fla. Sept. 23, 2021) (staying plaintiff's request for declaratory judgment as to its duty to indemnify under the MCS-90 endorsement until the underlying action is resolved))).

Finally, Plaintiff objects to the Report's conclusion that final default judgment against Mora at this stage is inappropriate, arguing that there is no risk of inconsistent judgments because all Defendants' rights under the insurance policy should be determined at summary judgment and "Mora is not listed as the motor carrier on the MCS-90 Endorsement at issue in this litigation, and as such no ruling as to the MCS-90 and its applicability is needed." (DE 105 at 12).[3] Thibault resists this argument by claiming that "Mora has an interest in the determination of whether there are funds

---

[3] The report qualified its recommendation to defer granting default judgment, making that recommendation only "[i]f the Court adopts [the Report's] recommendations" not to issue a "final disposition of Progressive's claims[.]" (DE 104 at 15). Given that the Court is issuing final disposition of a portion of Progressive's claims that could be inconsistent with a default judgment against Mora, the Report's recommendation is not applicable.

available to satisfy his joint liability with CPI." (DE 109 at 10). But Thibault does not explain how this interest potentially subjects Thibault to inconsistent judgments if the Court now grants default judgment that Progressive has no duty to defend or indemnify Mora under the insurance policy. At the time of this Court's May 9, 2023 Order denying default judgment as premature, the Court had not resolved Progressive's rights and duties under the insurance policy (separate from the MCS-90 endorsement) with regard to CPI, but it now has. Given that the Court concludes Progressive has no duty to defend or indemnify CPI under the insurance policy, there is no future judgment that could be inconsistent with a default judgment against Mora today. The case cited in this and Judge McAliley's reports supporting delaying entry of default judgment arose when multiple defendants were actively litigating an insurer's obligation to defend and indemnify those defendants under an insurance policy while one defaulted. *Geico Gen. Ins. Co v. Gonzalez*, 2020 WL 5217184, at *1 (S.D. Fla. Aug 7, 2020). Here, the default judgment against Mora would mirror the Court's resolution of the Plaintiff's claim against CPI on the merits. Indeed, the Parties agree that, on the merits, "there is no duty for Progressive to [d]efend . . . Mora in the underlying litigation." (DE 96 at 7). Therefore, the Court finds that entering final judgment against Mora is proper.

Accordingly, upon a careful review of the Report, the Objections, the Motion, all related briefing, the record, and the applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Sanchez's Report (DE 104) is **AFFIRMED AND ADOPTED IN PART AND REJECTED IN PART**.

2. Plaintiff's Motion for Final Summary Judgment/Motion for Final Default

      Judgment (DE 61) is **GRANTED IN PART AND DENIED IN PART.**

3. Plaintiff's Motion for Final Summary Judgment/Motion for Final Default Judgement (DE 61) is **GRANTED** as it relates to Plaintiff's request for declaratory judgment that Plaintiff has no duty to defend or indemnify Mora or CPI under the auto insurance policy. Plaintiff's Motion is **DENIED** as it relates to Plaintiff's request for declaratory judgment that the MCS-90 Endorsement does not apply to the damages sought in the Underlying Litigation.

4. Pursuant to Federal Rule of Civil Procedure 58(a), the Court will separately issue a final judgment against Defendant Thibault with regard to CPI and a default final judgment against Defendant Roenis Gonzalez Mora.

5. Defendant's Rule 56 Motion for Summary Declaratory Judgment (DE 39) is **DENIED**.

6. The remaining claim in this case, namely whether Progressive has a duty to pay any final judgment entered against Defendant CPI in the Underlying Litigation pursuant to the MCS-90 Endorsement, is **STAYED** pending final resolution of the Underlying Litigation.

7. The Parties shall file joint status reports detailing the status of the Underlying Litigation every **ninety (90) days** and shall file a joint status report advising the Court within **fourteen (14) days** of the final resolution of the Underlying Litigation.

8. All other pending motions are **DENIED AS MOOT**. All deadlines except those given in this Order and all hearings are **CANCELLED**. This case is

**CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 8th day of September, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE